IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MAURICE RAGINS,      *

      Plaintiff,     *

v.                                 Civil Action No. GJH-15-2471

    *

DERRICK BURMAN, *et al.,*

      Defendants.     *

    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Maurice Ragins was being housed at the Baltimore Central Booking & Intake Facility ("BCBIF"),[1] where he alleges he was struck by Correctional Officer Sergeant Brett Thomas ("Sgt. Thomas") with an open hand, immediately followed by assaults from several other officers. ECF No. 1-1 at 2.[2] Mr. Ragins states that this occurred while Lieutenant Derrick Burman ("Lt. Burman") stood and watched from the doorway. On August 20, 2015, the Court received Ragins' civil rights complaint filed pursuant to 42 U.S.C. § 1983.[3] Defendants have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 16, and Ragins filed an Opposition. ECF No. 21. Defendants filed a Reply. ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion is denied.

---

[1] Ragins is now confined at the Western Correctional Institution.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Ragins has also filed Motions to Appoint Counsel and to Compel Discovery. ECF No. 27; ECF No. 28.

## I.  BACKGROUND

Mr. Ragins states he was detained at the BCBIF in 2014. He claims that on May 8, 2014, after conversations with correctional officers regarding a prison transfer and cell reassignment, Sgt. Thomas struck him in the face with an open hand. Ragins alleges he was subsequently assaulted by other officers, who used their boots and fists, while Lt. Burman stood and watched the officers attack him. ECF No. 1 at 2. Ragins maintains that after he complied with an order to place his hands behind his back for cuffing, he was further stomped and kicked by the officers, including Sgt. Thomas. ECF No. 1 at 2. Ragins claims that he was then pulled from the cell floor and escorted to the medical department, where he received medical treatment, and photographs were taken of his bloody face and ear. *Id*. He asserts that he filed administrative remedy procedure ("ARP") grievances after his return to the Maryland Correctional Institution in Hagerstown ("MCIH"), but that they were dismissed for procedural reasons. *Id*. at 3; ECF No. 1-1.  Ragins further states that he was cited with disciplinary rule violations and was found not guilty of the infractions. *Id*. He alleges his rights were violated under the Eighth Amendment, Fourteenth Amendment, and Article 16 of the Maryland Declaration of Rights and seeks $500,000.00 in damages. ECF No. 1 at 3.

In their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, submitted without affidavit or exhibits, Defendants argue that as a pre-trial detainee, Ragins cannot maintain his claims under the Eighth Amendment. ECF No. 16-1 at 4. Instead they maintain that the claim should be raised under the Fourteenth Amendment. *Id*. Defendants further argue that Ragins has failed to state a claim upon which relief can be granted as to his Maryland Declaration of Rights allegation because such a state law claim is "contingent on the

presence of a federal claim," and because Ragins has failed to raise any claim cognizable under Article 16. *Id.* at 5.

## II. STANDARD OF REVIEW

Defendants' dispositive motion, which solely questions the adequacy of Ragins' Complaint, shall be evaluated as a Motion to Dismiss. The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint must satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Ragins is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the Complaint, the Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft,* 556 U.S. 662 at 678, or conclusory factual allegations devoid of any reference to actual events. *United*

*Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  ANALYSIS

#### A.  Defendants' Motion to Dismiss

Although Defendants are correct that as a pre-trial detainee Plaintiff cannot bring a claim under the Eighth Amendment, *see City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983), he has indeed invoked the Fourteenth Amendment and the court will liberally construe this pro-se complaint as stating such a claim. The application of force involved in a detainee's confinement is evaluated under the Fourteenth Amendment's Due Process Clause. *See United States v. Cobb,* 905 F.2d 784, 788–789 (4th Cir. 1990). Under that standard, the use of force violates the Due Process Clause if it is intended as punishment. *See id,* 905 F.2d 784; *Bibum v. Prince George's Cty.*, 85 F.Supp.2d 557, 562 (D. Md. 2000). Punitive intent may be inferred when the application of the force was not reasonably related to a legitimate non-punitive objective. *Cobb*, 905 F.2d at 789.

Plainly, Ragins' allegations that he was, without cause, assaulted by Sgt. Thomas with an open hand and kicked and stomped on by Sgt. Thomas and other officers while Lt. Burman stood by and watched, set out a Fourteenth Amendment claim. Thus, Defendants' Motion to Dismiss is denied.

4

**B. Pending Non-Dispositive Motions**

Ragins argues in his Motion to Appoint Counsel that the appointment of counsel is warranted because of extraordinary and mitigating circumstances associated with his case. ECF No. 27 at 2. He contends that the Complaint has "very complex issues." *Id.* He further states that he is currently suffering from post-traumatic distress as a result of being brutally abused with excessive force, which limits his mental, physical, and emotional stamina and abilities to proceed in this case. *Id.*

"The court may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil actions, however, the Court appoints counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal quotation marks and citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

Mr. Ragins' proffered reasons for the appointment of counsel fail to show exceptional circumstances or a particular need that would require the immediate assistance of an attorney. Ragins has adequately presented his claims and his case has not yet proceeded to discovery or a hearing. For these reasons, appointment of counsel is not warranted at this time. Ragins' Motion

to Appoint Counsel, ECF No. 27, is therefore dismissed without prejudice. Should the case progress to discovery or a hearing, Ragins may renew his Motion.

Next, Ragins seeks to compel Defendants' response to his interrogatories and motion for production of documents, allegedly served on Defendants in June of 2016. ECF No. 28 at 1. Ragins' Motion calls into question Loc. R. 104.4. (D. Md. 2016) and Fed. R. Civ. P. 26(a)(1)(B)(iv), which provide that discovery shall not commence until a scheduling order is entered and that self-represented actions filed by prisoners are exempt from initial discovery disclosures. A scheduling order was not entered in this case. Further, the dispositive motion filed in this case has been denied. Ragins' Motion to Compel response to Discovery shall be denied.

## IV.  CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss or for Summary Judgment, ECF No. 16, shall be denied. Ragins' Motions for Appointment of Counsel and to Compel Discovery, ECF No. 27 and ECF No. 28, are denied. If the parties wish to file Motions for Summary Judgment attaching exhibits and affidavits, they may do so within 30 days of this Order. A separate Order shall issue.

2/3/2017
Date

George J. Hazel
United States District Judge