IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MAURICE RAGINS, #414056** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-15-2471 |
| | * | |
| **CO LIEUTENANT DERRICK BURMAN,** | | |
| **CO SERGEANT BRETT THOMAS,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is an action filed under 42 U.S.C. § 1983, in which Plaintiff Maurice Ragins, who is currently confined at the Western Correctional Institution, alleges that while he was being housed at the Baltimore Central Booking & Intake Facility, he was physically assaulted by several correctional officers, including Correctional Officers Lieutenant Derrick Burman and Sergeant Brett Thomas. ECF No. 48 at 3.[1] For each of the two counts in his Amended Complaint, Ragins seeks compensatory damages of $100,000, punitive damages of $1 million and an award of attorney's fees and costs. ECF No. 48 at 6. Presently pending before the Court is Defendants' Motion to Dismiss the Amended Complaint, ECF No. 49.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Partial Motion to Dismiss, ECF No. 49, is granted.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Although titled "Defendants' Motion to Dismiss Amended Complaint," the Motion asks the Court to dismiss only Count I of the Amended Complaint; as such, the Court construes this document as a Partial Motion to Dismiss. *See* ECF No. 49 at 1.

## I. BACKGROUND[3]

Ragins alleges that on or about May 8, 2014, he was being housed at the Baltimore City Central Booking and Intake Center. ECF No. 49 ¶ 11. He was "physically assaulted by several correctional officers" including the Defendants. *Id.* Ragins further alleges that this assault was "excessively vicious, not based on any disciplinary action, and completely unwarranted." *Id.* There were two phases to the assault: an initial phase, in which Ragins was "repeatedly and viciously stomped, kicked, elbowed, and mercilessly punched with clenched fists to his back, neck, arms, legs, torso, head and face," *id.* ¶ 12, and a secondary phase, in which Ragins was "placed in handcuffs by Defendants so that they could continue the beating unabated by Plaintiff's efforts at blocking an insignificant portion of the blows raining down on him," *id.* ¶ 13. This incident allegedly occurred "inside Plaintiff's cell . . . and after an interaction where a female officer accused Plaintiff of calling her a bad name." *Id.* ¶ 14.

On August 20, 2015, Ragins initiated this § 1983 suit against Defendants. ECF No. 1. On April 18, 2017, Ragins filed an Amended Complaint. ECF No. 48. His Amended Complaint contains two claims: first, in Count I, he alleges that Defendants violated his Fourth Amendment rights "not to have his person or property unlawfully searched, seized, detained in an unreasonable manner, not to be deprived of his liberty without due process of law, and not to be summarily punished," ECF No. 48 ¶¶ 19–26; second, in Count II, he alleges that Defendants violated his Fourteenth Amendment rights "not to have his person or property unlawfully searched, seized, detained in an unreasonable manner, not to be deprived of his liberty without due process of law, and not to be summarily punished," ECF No. 48 ¶¶ 27–32. On May 3, 2017, Defendants filed a Motion to Dismiss, arguing that Ragins was a pretrial detainee during the alleged assault, and that he does not have a colorable Fourth Amendment claim; Defendants

---

[3] The background facts are taken from Plaintiff's Amended Complaint, ECF No. 48, and assumed to be true.

concede, however, that his Fourteenth Amendment claims are sufficient to survive a Motion to Dismiss. ECF No. 49. On May 25, 2017, Ragins filed an Opposition brief, ECF No. 51,[4] to which Defendants replied on June 8, 2017, ECF No. 54.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual

---

[4] Ragins re-filed his Opposition on May 26, 2017, ECF No. 53, as the first Opposition submitted to the Court was missing pages.

3

allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III.    DISCUSSION**

42 U.S.C. § 1983 creates a "species of tort liability," *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976), for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting 42 U.S.C. § 1983). The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. The applicability of the Fourth Amendment turns on whether "the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Hudson v. Palmer*, 468 U.S. 517, 525 (1984) (quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). At issue is whether Count I, alleging that Defendants violated Plaintiff's Fourth Amendment rights, states a plausible claim to relief. While Defendants argue that Ragins's excessive force claims are appropriately brought under only the Fourteenth Amendment and not the Fourth Amendment, ECF No. 49-1 at 3, Ragins argues that Count I states a Fourth Amendment claim because he "alleges constitutional violations related to being beaten, punched, kicked, elbowed, and stomped . . . while handcuffed," ECF No. 53 ¶ 3.

Individuals who bring excessive force claims against law enforcement officers will typically fall into one of three categories: 1) arrestees, 2) pretrial detainees, or 3) convicted prisoners. Each of these categories of persons enjoys constitutional protection from excessive uses of force. *See Graham*, 490 U.S. at 395 ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. . . . After conviction, the Eighth

4

Amendment "serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified") (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Ragins does not contest Defendants' characterization of him as a "pretrial detainee" at the time of the alleged assault. Typically, where a plaintiff alleges allegations of excessive force stemming from incidents that occurred while he was a pretrial detainee, such claims are brought under the Fourteenth Amendment. *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) ("we conclude that the excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment"), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Conversely, the protection of the Fourth Amendment "does not extend to the alleged mistreatment of arrestees or pretrial detainees in custody." *Id.* at 1162. *See also Smith v. Murphy*, 634 F. App'x 914, 917 (4th Cir. 2015) (noting that cases involving "either prisoners or pretrial detainees" implicate the "Eighth or Fourteenth Amendment, rather than the Fourth Amendment").

Here, Ragins's Fourth Amendment claim, Count I, is an excessive force claim. *See* ECF No. 48 at 4 (alleging that Defendants deprived Ragins of his Fourth Amendment right "**not to be subjected to excessive force**" (emphasis in original)). Ragins does not contest Defendants' characterization of him at the time of the alleged assault as a "pretrial detainee." Thus, because the Fourth Amendment does not apply to claims of excessive force against pretrial detainees, Count I does not "state a claim to relief that is plausible on its face" to survive Defendants Partial Motion to Dismiss, which is therefore granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss is granted and Count I is dismissed from the Complaint. A separate Order shall issue.

Date: November 13, 2017

_____
GEORGE J. HAZEL
United States District Judge